United States District Court
Southern District of Texas
**ENTERED**
September 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THY NGOC NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-2077 |
| WALLACE L. CARROLL, ALEJANDRO | § | |
| MAYORKAS, MERRICK GARLAND, | § | |
| and UNITED STATES CITIZENSHIP | § | |
| AND IMMIGRATION SERVICES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION and ORDER

On June 23, 2021, Plaintiff Thy Ngoc Nguyen ("Plaintiff") filed a Complaint and Request for De Novo Hearing in Naturalization ("Complaint") asserting that his application for naturalization was illegally denied and requesting that the court "enter an order naturalizing him."[1] Defendants Wallace L. Carroll, Alejandro Mayorkas, Merrick Garland, and United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants") have moved to dismiss Plaintiff's complaint.[2] For the reasons explained below, Defendants' Motion to Dismiss will be granted.

---

[1]Complaint, Docket Entry No. 1, p. 1.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Defendants' Motion to Dismiss Alternatively, Motion for Summary Judgment ("Defendants' Motion to Dismiss"), Docket Entry No. 6.

## I. Facts and Procedural Background

The following facts are not disputed. Plaintiff was born in Vietnam.[3] He has been a permanent resident of the United States since June 28, 1990.[4] In October of 1992 Plaintiff was convicted in California of assault with a deadly weapon.[5] He was sentenced to three years' imprisonment and a $1000 fine.[6]

In 2013 Plaintiff applied to the USCIS for naturalization as a United States citizen.[7] His application was denied and he was placed in removal proceedings because his 1992 conviction constituted an "aggravated felony."[8] The Immigration Judge later canceled the order of removal and allowed Plaintiff to remain in the United States.[9] In 2018 Plaintiff again applied for naturalization, and USCIS again denied Plaintiff relief because he had been convicted of an "aggravated felony" and thus could not be of "good moral character" under the Immigration and Nationality Act

---

[3]Complaint, Docket Entry No. 1, p. 1.

[4]Id. at 2.

[5]Id. at 3.

[6]Id.

[7]Id. at 4.

[8]Id.

[9]Id.

("INA"), 8 U.S.C. § 1101(f).[10] The denial was upheld on administrative appeal to USCIS.[11]

On June 23, 2021, Plaintiff filed this civil action seeking de novo review of his denied naturalization application.[12] Defendants filed a motion to dismiss the action on September 1, 2021;[13] Plaintiff responded and moved for summary judgment on September 16, 2021;[14] and Defendants replied on September 20, 2021.[15]

## II. Analysis

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move that the court dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127

---

[10] Id. at 5.

[11] Id.

[12] Complaint, Docket Entry No. 1.

[13] Defendants' Motion to Dismiss, Docket Entry No. 6.

[14] Plaintiff's Response to Defendants' Motion to Dismiss and Plaintiff's Own Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 11.

[15] Defendants' Reply in Support of Motion to Dismiss, and Response to Plaintiff's Motion for Summary Judgment ("Defendants' Reply"), Docket Entry No. 12.

S. Ct. 1955, 1965 (2007) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Courts deciding on Rule 12(b)(6) motions may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007).

B.   "Aggravated Felony" Under the INA

In order for a lawful permanent resident to become a naturalized citizen, "there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship." Fedorenko v. United States, 101 S. Ct. 737, 739 (1981). The individual seeking naturalization has the burden of establishing that all the requirements for naturalization have been met. 8 U.S.C. § 1427(e). One of those requirements is good moral character. Id.

An individual cannot be regarded as a person of good moral character if he has been convicted of an "aggravated felony." 8 U.S.C. § 1101(f)(8). The Immigration Act of 1990 defined an "aggravated felony" as including "any crime of violence . . . for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years . . . ." Pub. L. No. 101-649, 104 Stat. 4978 (emphasis added). The Act

applied prospectively to all convictions occurring on or before the Act's enactment date of November 29, 1990. Id.

In October of 1996 Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which amended the INA's definition of an aggravated felony to include "a crime of violence . . . for which the term of imprisonment imposed (regardless of any suspension of imprisonment) [is] at least <u>one year.</u>" 8 U.S.C. § 1101(f) (emphasis added).

Sections 321(b) and (c) of the IIRIRA state:

> (b) EFFECTIVE DATE OF DEFINITION.—Section 101(a)(43) (8 U.S.C. 1101(a)(43)) is amended by adding at the end the following new sentence: "Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after [September 30, 1996]."
>
> (c) EFFECTIVE DATE.—The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred . . . .

P.L. 104-208, 110 Stat. 3009-628.

The Fifth Circuit has held that this language "clearly expresses Congress's intent to apply the new definition of 'aggravated felony' to all covered felonies, no matter when the convictions occurred." <u>Garrido-Morato v. Gonzales,</u> 485 F.3d 319, 323 (5th Cir. 2007); <u>see also I.N.S. v. St. Cyr,</u> 121 S. Ct. 2271, 2289 (2001) ("IIRIRA's amendment of the definition of 'aggravated felony,' for example, clearly states that it applies with respect to 'conviction[s] . . . entered before, on, or after' the statute's enactment date."). Accordingly, a conviction for any crime of

violence for which the term of imprisonment is at least one year constitutes an "aggravated felony" under the INA, regardless of when the conviction occurred.

**C.   Plaintiff Was Convicted of a "Crime of Violence"**

Plaintiff was convicted in 1992 for assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(1).[16] At the time of Plaintiff's conviction, that statute provided punishment for "[e]very person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury." Cal. Penal Code § 245(a)(1) (West 1992).

A "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 16(a).[17] Plaintiff does not dispute that the offense described in Cal. Penal Code § 245(a)(1) "has as an element the use . . . of physical force against the person . . . of another." See 18 U.S.C. § 16(a).

---

[16]Abstract of Judgment—Prison Commitment, Exhibit 1 to Defendants' Motion to Dismiss, Docket Entry No. 6-1, p. 5. The court may consider this document because it is incorporated by reference into Plaintiff's Complaint, Docket Entry No. 1, p. 3. See Tellabs, 127 S. Ct. at 2509.

[17]In Sessions v. Dimaya, 138 S. Ct. 1204, 1223 (2018), the Supreme Court held that the residual clause of the federal criminal code's definition of "crime of violence" in 18 U.S.C. § 16(b) was impermissibly vague and violated due process. The ruling left intact the elements clause in 18 U.S.C. § 16(a), which provides the definition at issue in this case.

Based on a plain reading of the two statutes, the court concludes that Plaintiff was convicted of a crime of violence.

### D. Plaintiff's Principal Argument Has No Merit[18]

Plaintiff asks the court to "decide that he is a person of good moral character, eligible for naturalization," and that the court "hear his application de novo and . . . grant that naturalization."[19] Plaintiff argues that the denial of his naturalization application was illegal because at the time of his conviction in 1992, the crime of which he was convicted was not considered an "aggravated felony."[20] At the time of Plaintiff's conviction, a crime of violence could only be considered an "aggravated felony" if the "term of punishment imposed" was at least five years. Plaintiff contends that "[s]ince his [three-year] sentence was below the five year threshold . . . it was not an 'aggravated felony.'"[21]

The crux of Plaintiff's argument is that "[t]he 1996 definition [of the term aggravated felony] is not retroactive."[22] But as explained in subsection II.B., it is settled law that the

---

[18]The court has considered all of Plaintiff's arguments and has not been persuaded by any of them.

[19]Complaint, Docket Entry No. 1, p. 6.

[20]Id. at 1.

[21]Id. at 4.

[22]Plaintiff's Response, Docket Entry No. 11, p. 4.

IIRIRA definition of "aggravated felony" *does* apply retroactively. Therefore, Plaintiff's 1992 conviction was a conviction for an aggravated felony under 8 U.S.C. § 1101(f), and as a matter of law this court cannot "decide that [Plaintiff] is a person of good moral character, eligible for naturalization" as he requests.[23] See 8 U.S.C. § 1427(e). Because Plaintiff's claim for relief is implausible, Defendants' Motion to Dismiss will be granted.

### III. Conclusion and Order

For the reasons explained above, the court concludes that Plaintiff has not stated a plausible claim to relief. Accordingly, Defendants' Motion to Dismiss (Docket Entry No. 6) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 28th day of September, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[23] Complaint, Docket Entry No. 1, p. 6.